NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

DAJUAN WILLIAMS, *Petitioner.*

No. 1 CA-CR 13-0387 PRPC

FILED 12-11-2014

Petition for Review from the Superior Court in Coconino County
No. CR98-000609
The Honorable Cathleen Brown Nichols, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Heather A. Mosher
*Counsel for Respondent*

Dajuan Williams, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill, Judge Kenton D. Jones and Judge Donn Kessler delivered the following decision.

---

**PER CURIAM**:

¶1        Petitioner Dajuan Williams petitions this Court for review of the trial court's dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## BACKGROUND

¶2        In 1999, a jury convicted Williams of conspiracy to commit first degree murder, attempted first degree murder and first degree burglary. The trial court sentenced Williams to an aggregate term of life imprisonment with a possibility of parole after twenty-five years. We affirmed his convictions and sentences on direct appeal. *State v. Williams*, 1 CA-CR 99-0759 (Ariz. App. Aug. 10, 2000) (mem. decision). Williams now seeks review of the summary dismissal of his untimely second petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

## DISCUSSION

¶3        In his untimely petition, Williams argues (1) he is actually innocent because the evidence was insufficient to support his convictions, and (2) his appellate and first post-conviction relief counsel provided ineffective assistance.

¶4        We deny relief. Williams could have challenged the sufficiency of the evidence on direct appeal and could have raised the claims of ineffective assistance of counsel in timely post-conviction relief proceedings. Williams offers no explanation for why he did not do so; nor does he present these issues in the context of newly discovered evidence or a significant change in the law. Any claim a defendant could have raised on direct appeal or in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). Moreover, the exceptions of Arizona Rule of Criminal Procedure 32.2(b), which would allow Williams to raise

these issues for relief in an untimely post-conviction relief proceeding, do not apply.

## CONCLUSION

¶5   We grant review and deny relief.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama